### SOLOMON M. PIKE vs. JOHN H. POWER.

Under the rule to declare before the end of the next term, &c., the declaration must be served *before the actual adjournment of the court.* It is a rule *sedente curia.*

*Motion by defendant at last February special term to set aside the de-*

*fault entered by the plaintiff, and all subsequent proceedings with costs for irregularity.*—It appears this is a special action of assumpsit, commenced against defendant as an attorney; by capias. On the 8th July last, defendant served plaintiff's attorney with a notice to declare in the cause before the end of the next succeeding term of this court, which was October term. The plaintiff did not declare, until the 13th November last. On the 6th November last, defendant entered plaintiff's default for not declaring, and on the 8th November defendant served personally on plaintiff's attorney a copy, costs and notice of taxation in this cause; the costs were taxed and judgment entered on the 12th November. It also appears that the October term of this court, 1844, adjourned *sine die* on the 4th November last. On the 13th November, the day that plaintiff served his declaration, he also served defendant's attorney with a notice of motion to set aside the default, &c., entered against him. The plaintiff's attorney proceeded on the ground that he was in time to serve his declaration until the expiration of four weeks from the commencement of the term. The motion was heard at the last December special term, and denied without prejudice, solely on the ground that plaintiff did not show in his papers, that a default had been entered against him. Plaintiff entered defendant's default for not pleading to the declaration on the 24th December last. Defendant's attorney having on the 10th December returned the declaration served on him, to plaintiff's attorney, with notice it would not be accepted, on the ground of not having been served in time. The plaintiff's motion to set aside the default entered for not declaring, and the defendant's motion to set aside the default entered for not pleading, are brought on at this term, and both depend upon the same question; to wit: whether a declaration served within four weeks from the commencement of the term, and after the actual adjournment of the court, as good.

A. Taber, *Defts Counsel.*   J. H. Power, *Deft in pro. per.*

J. Edwards, *Plffs Counsel.*   J. H. Stewart, *Plffs Atty.*

Nelson, Chief Justice.—Held, that the rule to declare before the end of the next term, is a rule *sedente curia,* and that a declaration served *after the actual adjournment of the court,* although within four weeks from the first day of term, is not in time. Defendant's motion granted with costs; plaintiff's motion denied with costs.